USDC SCAN INDEX SHEET










AXR   8/2/05   9:30
3:05-CV-00687   MCDONALD V. BONDED COLLECTORS
*14*
*RPLYOPPM.*

Robert L. Hyde (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart (SBN: 225557)
josh@westcoastlitigation.com
HYDE & SWIGART
110 West 'C' Street, Suite 2018
San Diego, CA 92101
Telephone: (619) 233-7770
Facsimile: (619) 330-4657

Douglas J. Campion, Esq. (SBN: 75381)
LAW OFFICES OF DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 543-9307

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James McDonald on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Bonded Collectors, LLC<br><br>Defendant. | Case No.: '05 CV-0687 W(POR)<br><br>**CLASS ACTION**<br><br>Plaintiff's Reply To Defendant's Opposition For Leave To File Amended Complaint<br><br>JUDGE: HON. LOUISA S. PORTER<br>DATE: AUGUST 4<br>TIME: 1:30 P.M. |

## BACKGROUND

Sometime before December 6, 2004, Plaintiff allegedly incurred financial obligations to Sears that were "debt(s)" as that term is defined by California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code § 1788.2(f). Sometime thereafter, Plaintiff fell behind in the payments allegedly owed on this alleged debt. On or about December 6, 2004, Defendant sent, and Plaintiff received, a dunning letter to Plaintiff's home which was the initial communication with Plaintiff. Defendant failed, in a manner consistent with Cal. Civ. Code § 1812.700(b), to provide a notice to Plaintiff as described in



and required by Cal. Civ. Code § 1812.700(a). Consequently, pursuant to Cal. Civ. Code § 1812.702, this omission by Defendant violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code 1788 et seq. ("RFDCPA").

Plaintiff also alleges that by attempting to collect a debt from Plaintiff in a manner that violated the notice provisions of the RFDCPA, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt thereby acting in a manner that violated 15 U.S.C. § 1692e, § 1692e(5), and § 1692e(10).

Finally, Plaintiff alleges that by attempting to collect a debt from Plaintiff in a manner that violated the notice provisions of the RFDCPA, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt thereby acting in a manner that violated 15 U.S.C. § 1692f.

*APPLICABLE STANDARD*

Rule 15 provides parties with flexibility in presenting claims and defenses. It assures that cases will be heard on their merits and avoids injustices which sometimes resulted from strict adherence to earlier technical pleading requirements.[1] Fed.R.Civ.P. 15(a) requires that "leave shall be freely given when justice so requires." This policy is to be applied with "extraordinary liberality."[2] Federal policy strongly favors determination of cases on their merits. The role of pleadings is limited, and leave to amend the pleadings is freely given unless the opposing party demonstrates undue prejudice, bad faith, or dilatory motive.[3]

A proposed amendment is futile for purposes of denying a motion to amend where no set of facts may be proven under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.[4] The standard for determining whether an amended complaint is legally sufficient to overcome an argument that amendment would be futile is the same as determining the legal sufficiency of a complaint under Fed.R.Civ.P. 12(b)(6).[5]

---

[1] *Foman v. Davis* 371 US 178, 182, 83 S.Ct. 227, 230 (1962)
[2] *Morongo Band of Mission Indians v. Rose* (9th Cir.) 893 F2d 1074, 1079 (1990)
[3] *Foman v. Davis* 371 US 178, 182, 83 S.Ct. 227, 230 (1962)
[4] *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)
[5] *Id.*

ORIGINAL

## Argument

### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

Plaintiff's proposed amended complaint establishes a cause of action that is far from futile. Fed.R.Civ.P. 8 states that a claim for relief must contain a "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] Plaintiff has done just that. Defendant, in their opposition, now hopes to litigate the issues, prematurely.

Defendant begins their Opposition to Plaintiff's Motion by admitting a violation of Cal. Civ. Code § 1812.700, and, subsequently, the RFDCPA.[7] The Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), and associated case law, demonstrates that this type of violation of state law, while attempting to collect a debt, is false, deceptive, or misleading representation, and unfair or unconscionable, and subsequently a violation of the FDCPA.

Defendant attempts to obfuscate the issues by arguing that since "... [Defendant's] letter did comply with the FDCPA notice requirements" this means Defendant did not violate FDCPA.[8] Defendant goes on to say, that since there is, arguably, no FDCPA notice violation, "...the only way to create a FDCPA violation is to base it on a RFDCPA violation."[9]

It may or may not be true that Defendant's letter provided the requisite notice under the FDCPA, but it is irrelevant either way. The issue here is not whether Defendant's letter provided the proper FDCPA notice requirement – contrary to Defendant's claim, proper notice is not the only requirement of the FDCPA. 15 U.S.C. 1692e, as an example, prohibits false, deceptive, or misleading representations or means in connection with the collection of a debt. Plaintiff alleges that Defendant violated the state debt collection statute by denying consumers notice of their rights under state law that specifically references the FDCPA, and the rights the FDCPA provides, and that this violation of a state debt collection statute violates the FDCPA because such omission is false, deceptive, or misleading.

//

---

[6] Fed.R.Civ.P. 8(a)
[7] Defendant's Opposition to Motion for Leave to File First Amended Class Action Complaint, pp 3.
[8] *Id.*
[9] *Id* at 4.

Additionally, 15 U.S.C. § 1692f states that "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Plaintiff argues that omitting a state notice regarding a consumer's right to be free from harassment is unfair or unconscionable, and as such, a violation of the FDCPA.

Defendant states that "Not All Violations Of State Law Are Violations Of The FDCPA,"[10] and Plaintiff agrees. However, by implication, this means that some state law violations <u>are</u> violations of the FDCPA, and what could be a more obvious example but the violation of state debt collection law that specifically requires a debt collector notify the consumer of certain rights under the FDCPA and the RFDCPA?

Defendant looks to *Wade v. Regional Credit Ass'n*[11] in an attempt to minimize the impact of this axiom. However, *Wade* does not stand for the blanket proposition that violating a state law is not a violation of the FDCPA, as Defendant hopes to establish. Instead, *Wade* states that violating a state law is not a <u>per se</u> violation.[12] As the court in Wade rightly points out, the violation of state law in *Wade* was "innocuous."[13] That is not the case here. While Plaintiff agrees that a violation of state law may not, in and of itself, be a FDCPA violation, it should be obvious that violating a state law that spells out ones consumer rights as they apply to debt collection under the FDCPA and the RFDCPA, in an apparent attempt to deny consumers of this requisite information, is false, deceptive, or misleading, and unfair or unconscionable.

Defendant has failed to provide proper notice to consumers of their rights under both the FDCPA and the RFDCPA. This notice stresses that both the state law and the *federal law* provide consumers with certain rights and provides consumers with information regarding their right to contact the Federal Trade Commission when they are abused by debt collectors. The notice omitted states:

---

[10] *Id* at 5.
[11] 91 F.3d 158 (9th Cir. 1996)
[12] *Id* at 5. ("We disagree with [Plaintiff] that debt collection practices in violation of state law are per se violations of the FDCPA.")
[13] *Id* at 6.

"The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

This is hardly the innocuous type of violation discussed in *Wade*. Defendant has attempted to circumvent a statute focused on the very activity the FDCPA regulates.

Defendant then goes on to cite non-binding obiter dictum in *Carlson v. First Revenue Assurance*[14] as supporting their position. But Defendant fails to point out that the decision in *Carlson* actually supports Plaintiff's position. As Defendant points out on page 5 of their brief, *Carlson* states that collection activities that use any false, deceptive, or misleading representation or means are in violation of the FDCPA. That is exactly what Plaintiff argues took place here.

Finally, 15 U.S.C. § 1692f states that "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Defendant failed to advise Plaintiff of their state and federal rights regarding the actions of the debt collector as was required by state law. Is this unfair or unconscionable? Plaintiff argues that it is. What other purpose does Defendant have for omitting the language than to deny consumers their rights in an unfair or unconscionable manner?

THE BASIS FOR A CLASS ACTION

Defendant argues that there is no basis for a class action in this case because (1) there is no violation of the FDCPA, which specifically provides for a class action, and (2) although the Defendant admits to violating the RFDCPA, the RFDCPA does not provide for a class action. Both claims lack merit. As seen above, the FDCPA was violated, and as will be demonstrated below, the RFDCPA clearly provides for a class action. In fact, the Northern

---

[14] 359 F.3d 1015 (8th Cir. 2004)

District of California has already ruled on this issue in the case of *Abels v. JBC Legal Group*.[15] Contrary to Defendant's allegations, the court in *Ables*, after thoroughly reviewing the case law and legislative history of the RFDCPA, wisely declared that both the law and the intent of the California Legislature is to allow class actions under the RFDCPA as of the year 2000.

Defendant states that "Plaintiff must claim that all RFDCPA violations are also violations of the FDCPA so he can take advantage of the FDCPA remedies that include class actions."[16] Plaintiff need not make such a convoluted argument since the California Legislature provided for these very remedies in the RFDCPA, as amended in 1999. Cal. Civ. Code § 1788.17, states, inter alia, "<u>Notwithstanding any other provision of this title</u>, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, <u>and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.</u>" (Underscore added.)

Defendant is correct in assuming that *Abels*[17] needs to be considered. The Northern District of California, in *Abels*, stated, "A strict reading 1788.17 clearly paves way for [RFDCPA] violators to be subjected to the same remedies articulated in 15 U.S.C. 1692k. The mandatory language in the amendment – '...shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code' leaves little doubt as to the intent of the legislature to broaden the remedies for the [RFDCPA] providing for a class action."[18] Furthermore, Cal. Civ. Code § 1788.17 applies, "<u>Notwithstanding any other provision of this title</u>."

The *Abels* court based this opinion on not only "a strict reading," of the statute, but "a detailed account of the legislative history behind the 1788.17 amendment."[19] A review of the statute and legislative history bears out the courts opinion.

//

---

[15] 227 FRD 541 (N.D. Cal 2005)
[16] Defendant's Opposition to Motion for Leave to File First Amended Class Action Complaint, pp 6.
[17] 227 FRD 541 (N.D. Cal 2005)
[18] *Id* at 22.
[19] *Id* at 23.

The RFDCPA was originally enacted in 1977. In 1999, the California legislature amended the RFDCPA by adding Cal. Civ. Code § 1788.17. According to the Continuing Education of the Bar, [20] "The primary purpose of CC § 1788.17 was to provide for remedies consistent with 15 U.S.C. 1692k, which includes the class action remedy."[21]

On September 3, 1999, the RFDCPA was amended to state:

> 1788.17. Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code.[22]

It is well settled that "the primary rule of statutory construction is, of course, to give effect to the intention of the legislature."[23] The U.S. Supreme Court has stated that, "while the clear meaning of statutory language is not to be ignored, words are inexact tools at best ... and hence it is essential that we place the words of a statute in their proper context by resort to the legislative history."[24] Thus, in determining the intent of the California Legislature the court should consider the plain language of the statute as well as its legislative history.

A brief recount of the legislative history shows that California clearly intended to create a class action remedy under the RFDCPA. On May 27, 1999, the California Assembly voted to pass Assembly Bill 969 by an overwhelming vote of 63-16[25]. At a hearing by the

---

[20] A joint venture between the State Bar of California and the University of California at Berkeley.
[21] Scott J. Hyman, DEBT COLLECTION PRACTICE IN CALIFORNIA § 2.1C (2003).
[22] 15 U.S.C. § 1692k provides for class action relief. (It is also important to note that the California legislature specifically carved out requirements under § 1692e and § 1692g, which are certain notice requirements traditional debt collectors (collecting debts on behalf of another) must comply with, but retained an exemption to such notice requirements for original creditors (collecting debts on their own behalf). But, at the same time the legislature left in the entire remedial scheme of 15 U.S.C. § 1692k, including a class action remedy. Had the California legislature wanted to carve out the class action remedy they certainly knew how to do so. They chose not to.)
[23] *Rogers v. United States*, 185 U.S. 83, 22 S. Ct. 582, 46 L. Ed. 816 (1902).
[24] *Tidewater Oil Co. v. United States*, 409 U.S. 151, 157 (1972).
[25] A list of those voting for and against The Bill is a matter of public record and appears at the Legislative Counsel for the State of California's "Official California Legislative Information" web page (www.leginfo.ca.gov).

Senate Judiciary Committee on July 7, 1999, the comments read[26]:

CHANGES TO EXISTING LAW

> *This bill would provide that violators shall be subject to the remedies in Section 1692k of Title 15 of the United States Code, which contains the following remedies for violation:*
>
> *Actual damages and up to a $1,000 penalty for an individual violation;*
>
> *All actual damages and an amount not to exceed the lesser of up to $500,000 or 1 percent of net worth penalty together with costs of suit and attorney's fees to the prevailing plaintiff(s) for class actions.* (Italics added.)

The Senate then amended the bill on August 19, 1999, to add, "The Senate amendments fix the point in time as January 1, 2000 for the state of being of the federal code references incorporated into California law." An official document recording the Senate vote reads[27]:

AS PASSED BY THE ASSEMBLY, this bill,

> 3) Subjected debt collectors to the remedies of actual damages and up to $1,000 for an individual and/or for violation affecting a class composed of numerous debtors actual damages and up to $500,000 or 1% of net worth together with costs of suit and attorney's fees to the prevailing plaintiff(s) for violation.

Moreover, the COMMENTS[28] section reads:

> Because of our current law, violations are honored more in the breach than the observance and there are no meaningful incentives for debt collectors to comply. In addition, as demonstrated by a recent pattern of conduct by a major national retailer in fraudulently inducing debtors to validate debts after bankruptcy, absent the threat of a ***class action***, there is no incentive to abort an illegal continuing course of conduct. (emphasis added.)

With the amendment to fix the start time of the bill at January 1, 2000, the Senate passed the bill by a vote of 28-6[29]. The amended bill then passed the Assembly August 23,

---

[26] The document is a matter of public record as Official California Legislative Information and can be found at the specific URL http://www.leginfo.ca.gov/pub/99-00/bill/asm/ab_0951-1000/ab_969_cfa_19990708_133036_sen_comm.html.

[27] The document is a matter of public record as Official California Legislative Information and can be found at the specific URL: http://www.leginfo.ca.gov/pub/99-00/bill/asm/ab_0951-1000/ab_969_cfa_19990820_221236_asm_floor.html.

[28] *Id.*

[29] A list of the names of those voting for and against is a matter of public record as Official California Legislative Information and can be found at the specific URL http://www.leginfo.ca.gov/pub/99-00/bill/asm/ab_0951-1000/ab_969_vote_19990819_1047AM_sen_floor.html.

1999, by a vote of 58-18[30] and was approved by the Governor and filed with the Secretary of State on September 3, 1999.[31]

By adding Cal. Civ. Code § 1788.17, *notwithstanding any other provision of this title*[32] and providing for a class action, the 2000 legislature intended to broaden the remedies provided under Cal. Civ. Code § 1788.30(f) which provided only for an individual action, as originally enacted in 1977. The legislative history doesn't reflect the legislature seeing a need to revise Cal. Civ. Code § 1788.30(f) in light of the recently enacted Cal. Civ. Code § 1788.17.

When statutes conflict courts have give effect to the most recently enacted law.[33] This rule, however, "is invoked only if the two cannot be harmonized."[34] Such harmonization can be done by ascertaining and effectuating the intent of the legislature.[35] As shown above, the intent is clear and the two sections can be harmonized. However, even if they could not be harmonized, the Court should give effect to the most recently enacted section, that is, Cal. Civ. Code § 1788.17.

In sum, the California legislature amended the RFDCPA by adding Cal. Civ. Code § 1788.17 to specifically provide a class action remedy to act as an incentive to confront the recent pattern of fraudulent and misleading conduct by debt collectors. Thus, Plaintiff's RFDCPA claims can be asserted on a class basis whether this court chooses to harmonize the conflicting statutes by reviewing the legislature's intent, or simply chooses to give effect to the more recently enacted statute Civil Code 1788.17.

//
//

---

[30] A specific record of the vote can be found on the homepage for Official California Legislative Information at the specific URL http://www.leginfo.ca.gov/pub/99-00/bill/asm/ab_0951-1000/ab_969_vote_19990823_0325PM_asm_floor.html.
[31] A reverse chronology of the bill's passage appears on the Legislative Counsel's Official Website, at the specific URL http://www.leginfo.ca.gov/pub/99-00/bill/asm/ab_0951-1000/ab_969_bill_19990903_chaptered.html
[32] Cal. Civ. Code § 1788.17.
[33] *Directors Guild of Am. v. Harmony Pictures, Inc.*, 32 F. Supp. 2d 1184 (C.D. Cal. 1998), citing *Bledstein v. Superior Court (Jeziorski)*, 162 Cal. App. 3d 152, 208 Cal. Rptr. 428 (1985).
[34] Id.
[35] *Bledstein v. Superior Court (Jeziorski)*, 162 Cal. App. 3d 152, 208 Cal. Rptr. 428 (1985).

IN CONCLUSION

Plaintiff's proposed Amended Complaint establishes a cause of action that is far from futile. It contains a "a short and plain statement of the claim showing that the pleader is entitled to relief." The only issue appears to be whether Plaintiff's action is appropriate for a class action. Defendant accepts that class actions are proper under the FDCPA but claims there is no FDCPA violation here. Plaintiff disagrees and makes, at the very least, a colorable claim that one exists. Further, Defendant admits to violating the RFDCPA but claims there is no provision for a class action in the RFDCPA. Case law and legislative history says otherwise. Plaintiff's Motion to Amend his Complaint should be granted.

Dated: August 1, 2005

Respectfully submitted,

**HYDE & SWIGART**

Robert L. Hyde, Esq.

| | |
|---|---|
| 1 | *James McDonald v. Bonded Collectors, LLC* |
| | United States District Court, Southern District of California |
| 2 | Case No.: 05CV-0687 W(POR) |

3   PROOF OF SERVICE

4   I, Sara Khosroabadi, declare as follows:

5   I am over the age of eighteen years and not a party to the case. I am employed in the County of San Diego, California where the
mailing occurs: My business address is 110 West "C" Street, Suite 2018, San Diego, California 92101. I am readily familiar with our
6   business' practice of collecting, processing and mailing of correspondence and pleadings for mail with the United Postal Service.

7   On August 1, 2005, I served the foregoing document(s) described as:

8   • **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION FOR LEAVE TO FILE AMENDED COMPLAINT**

9
10  On the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

11          Timothy P. Johnson
            **JOHNSON & CHAMBERS**
12          1572 N. Batavia Street, Ste. 2
            Orange, CA 92867
13
    ( )     BY MAIL, by placing a copy thereof in a separate envelope for each addressee named above, addressed to each
14          addressee respectively, and then sealed each envelope and, with the postage thereon fully prepaid, deposited
            each in the United States mail at San Diego, California in accordance with our business' practice.
15
    (X)     BY FEDERAL EXPRESS, by placing a copy thereof in a separate envelope for each addressee named above,
16          addressed to each addressee respectively, and then sealed each envelope and, with the postage thereon fully
            prepaid, deposited each with Federal Express with the full and appropriate delivery fee pre-paid at San Diego,
17          California in accordance with our business practice.

18  ( )     BY PERSONAL SERVICE, by placing a copy thereof in a separate envelope for each addressee named above,
            addressed to each such addressee respectively, and caused such envelope to be delivered by hand to the offices
19          of addressee.

20
    ( )     BY FACSIMILE, this document was transmitted by facsimile transmission from
21          (619) 330-4657 and transmission was reported as complete and without error. A copy of the transmission report
            is attached to this affidavit.
22
            I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
23  Executed on August 1, 2005, at San Diego, California.

24                                                              _Sara Khosroabadi_
                                                                Sara Khosroabadi
25