1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                         SOUTHERN DISTRICT OF CALIFORNIA

10

11   JAMES MCDONALD, on behalf of himself        Civil No.   05-CV-0687 W (CAB)
     and others similarly situated,

12                                               **REPORT AND RECOMMENDATION RE**
                                     Plaintiff,  **PLAINTIFF'S MOTION FOR LEAVE TO**
13            v.                                 **FILE SECOND AMENDED CLASS**
                                                 **ACTION COMPLAINT FOR DAMAGES**
14   BONDED COLLECTORS, LLC,                     **AND DECLARATORY RELIEF**
                                                 **[Doc. # 30]**
                                     Defendant.
15

16                             **I.  INTRODUCTION**

17          This case arises out of Defendant's allegedly abusive debt collection practices.  Plaintiff

18   seeks leave to file a Second Amended Complaint to add a new Defendant.  The only currently

19   named Defendant opposes the motion.  For the reasons that follow, the undersigned Magistrate

20   Judge recommends that Plaintiff's motion be **GRANTED**.

21                               **II.  FACTS**

22          Plaintiff James McDonald ("Plaintiff" or "McDonald") incurred financial obligations to

23   Sears.  (First Amended Complaint ("FAC"), ¶ 16).  Plaintiff fell behind on his payments.  (*Id.*, ¶

24   18).  The debt was assigned to Defendant Bonded Collectors, LLC ("Defendant" or "Bonded

25   Collectors").  (*Id.,* ¶ 19).  Plaintiff received a debt collection letter from Defendant.  (*Id.,* ¶¶ 21-

26   24).  Plaintiff alleges that the letter did not comply with the notice requirements under California

27   law, and therefore also violated the federal Fair Debt Collection Practices Act.  (*Id.,* ¶¶ 22-23).

28   The class allegations include all persons with addresses in the state of California, who received a

                                      1

1   similar letter from Defendant.  (*Id.,* ¶¶ 25-26).

2        In the course of discovery, Plaintiff found out that Bonded Collectors had ceased its

3   operations and had no net worth.  (Pl.'s P. & A. in Sup. of Mot. for Leave to Amend, 3:3-6; Def.'s

4   P. & A. in Opp. to Pl.'s Mot., 2:2-3).  Plaintiff then discovered that Bonded Collectors had been

5   formed by a different entity, Pinnacle Credit Services, LLC ("Pinnacle").  Pinnacle owns 100% of

6   the interest in Bonded Collectors.  Plaintiff was allowed to conduct discovery with regard to

7   Pinnacle's relationship to Bonded Collectors.  Plaintiff now alleges that he has discovered facts

8   showing that Pinnacle is an *alter ego* of Bonded Collectors.  McDonald seeks leave to add

9   Pinnacle as a Defendant.

10              **III.  LEGAL STANDARD**

11       "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires';

12  this mandate is to be heeded."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "[T]his policy is to be

13  applied with extreme liberality."  *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079

14  (9th Cir. 1990).  Courts, however, need not grant leave to amend where the amendment: (1)

15  prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation;

16  or (4) is futile.  *See AmerisourceBergen Corp. v. Dialysist West*, Inc. 445 F.3d 1132, 1136 (9th Cir.

17  2006).  Absent prejudice, or a "strong showing" of the other of the above factors, "there exists a

18  *presumption* under Rule 15(a) in favor of granting leave to amend."  *Eminence Capital, LLC v.*

19  *Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) (*per curiam*) (*emphasis original*).

20              **IV.  DISCUSSION**

21       Plaintiff's motion should be granted.  Contrary to Defendant's position, the proposed

22  amendment does not appear so futile as to counteract the usual liberality in granting leave to

23  amend.  "[A] proposed amendment is futile only if no set of facts can be proved under the

24  amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Miller*

25  *v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted); *see also Gompper v.*

26  *VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (an amendment is futile when the plaintiff cannot

27  show an element of a claim).

28       Defendant argues that as a separate entity, Pinnacle cannot be held responsible for the acts

2

1   of Bonded Collectors because the facts do not support *alter ego* liability.  "Ordinarily, a

2   corporation is regarded as a legal entity, separate and distinct from its stockholders, officers and

3   directors, with separate and distinct liabilities and obligations.  A corporate identity may be

4   disregarded--the 'corporate veil' pierced--where an abuse of the corporate privilege justifies

5   holding the equitable ownership of a corporation liable for the actions of the corporation."  *Sonora*

6   *Diamond Corp. v. Superior Court,* 83 Cal. App. 4th 523, 538 (2000) (internal citations omitted).

7   "In California, two conditions must be met before the *alter ego* doctrine will be invoked.  First,

8   there must be such a unity of interest and ownership between the corporation and its equitable

9   owner that the separate personalities of the corporation and the shareholder do not in reality exist.

10  Second, there must be an inequitable result if the acts in question are treated as those of the

11  corporation alone."  *Id.* (*citing Automotriz etc. De California v. Resnick*, 47 Cal.2d 792, 796

12  (1957)).  The determination regarding whether the corporate veil should be pierced is made upon

13  consideration of a number of factors, including inadequate capitalization, identical equitable

14  ownership in the two entities, use of the same offices and employees, disregard of corporate

15  formalities, use of one company as a mere shell or conduit for the affairs of the other, *etc.  See id* at

16  538-539.  "No one characteristic governs, but the courts must look at all the circumstances to

17  determine whether the doctrine should be applied."  *Id.*  The sole ownership and control of one

18  corporation by another does not automatically create *alter ego* liability.  *Katzir's Floor and Home*

19  *Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004).  "*Alter ego* is an extreme

20  remedy, sparingly used."  *Sonora*, 83 Cal. App. 4th at 539.

21          Defendant argues that the only fact Plaintiff has discovered in support of its *alter ego*

22  theory is that Pinnacle was the sole shareholder of Bonded Collectors and allegedly wielded

23  substantial influence over the subsidiary.  (Def.'s P. & A. in Opp. to Pl.'s Mot., 3:2-6).  According

24  to Defendant, Plaintiff has no ground to claim that treating the acts of Bonded Collectors

25  separately from those of Pinnacle would bring about an inequitable result.  (*See id*., 2:26-3:1

26  ("there must be conduct amounting to bad faith or fraud to justify a finding of liability based upon

27  *alter ego*.")).

28          The alleged lack of evidence does not establish the futility of the amendment at this point

1   in the litigation.  Where the plaintiff offers to provide "additional evidence" that would add

2   "necessary details" to an amended complaint and such offer is made in good faith, leave to amend

3   should be granted.  *See Eminence,* 316 F.3d at 1053.  The Ninth Circuit has "repeatedly stressed"

4   that courts must remain guided by "the underlying purpose of Rule 15 ... to facilitate decision on

5   the merits, rather than on the pleadings or technicalities."  *Lopez v. Smith*, 203 F.3d 1122, 1127

6   (2000) (citation omitted).  Plaintiff claims that the documents produced by Pinnacle show that

7   Pinnacle, a debt collecting company with substantial assets, formed Bonded Collectors as an

8   undercapitalized shell corporation to avoid liability.  In particular, Plaintiff represents to have

9   learned the following facts: Bonded Collectors accepted Pinnacle's offer of purchase for $1,000

10  shortly after Bonded Collectors was formed; Bonded Collectors could not refer any collection

11  account to litigation without Pinnacle's consent; Bonded Collectors was supposed to carry a

12  $1,000,000 insurance policy to cover possible claims against it, including violations of state and

13  federal collection laws; Pinnacle passed through accounts purchased, and Bonded Collectors

14  collected on the accounts. (Pl.'s P. & A. in Sup. of Mot. for Leave to Amend, 4:10-25).  Therefore

15  it appears that Plaintiff may prove a set of facts in support of its claim.  *Miller*, 845 F.2d at 214.

16  Further, the present motion was filed well in advance of the November 27, 2006 discovery cut-off.

17  It is therefore not at all unlikely that Plaintiff may discover more of the needed evidence in support

18  of its theory.[1]

19       Defendant does not argue the presence of such factors as prejudice, undue delay, bad faith,

20  or dilatory motive.  It does not appear that the proposed amendment would be prejudicial to the

21  current Defendant or Pinnacle.  Plaintiff moved to amend relatively early in litigation, and

22  Pinnacle has already produced some responses to Plaintiff's discovery requests.  Pinnacle will

23  therefore have an opportunity to build a defense.  Amending the pleadings at this stage of the

24  action would not cause undue delay.  Defendant has not shown bad faith or dilatory motive on

25  Plaintiff's part, other than arguing that the amendment would be futile.

26

27
_____

28
[1]In addition, the proposed Second Amended Complaint alleges theories of liability other than *alter ego*, such as *respondeat superior* and conspiracy.

05-CV-0687 W (CAB)

1    Finally, Plaintiff has only once amended its Complaint before.  Based on the above,

2    Bonded Collectors has not overcome the presumption in favor of allowing leave to amend.

3    Accordingly, Plaintiff's motion should be granted.

4    **V.  CONCLUSION AND RECOMMENDATION**

5    The undersigned Magistrate Judge recommends that Plaintiff's Motion for Leave to File

6    Second Amended Complaint be **GRANTED**.  This Report and Recommendation of the

7    undersigned Magistrate Judge is submitted to the United States District Judge assigned to this

8    case, pursuant to 28 U.S.C. § 636 (b)(1).

9    **IT IS HEREBY ORDERED** that no later than **October 2, 2006**, any party to this action

10   may file written objections with the Court and serve a copy on all parties.  The document should

11   be captioned "Objections to Report and Recommendation."

12   **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the

13   Court and served on all parties within **10 days** of being served with the objections.

14   **IT IS SO ORDERED.**

15   DATED:  September 18, 2006

16

17   _____

18   **HON. CATHY ANN BENCIVENGO**
     United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

5                                                          05-CV-0687 W (CAB)